## ERI/SNL 2015 Holdings LLC v SNL Dev. Group LLC

2024 NY Slip Op 30604(U)

February 26, 2024

Supreme Court, New York County

Docket Number: Index No. 653695/2023

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

ERI/SNL 2015 HOLDINGS LLC, ERI/SNL 2017
HOLDINGS LLC, ERI/SNL 2018 HOLDINGS LLC, F2017
EMPLOYEE PARTICIPATION FUND LLC, and F2018
EMPLOYEE PARTICIPATION FUND LLC,

| | |
|---|---|
| **INDEX NO.** | 653695/2023 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 009 |

                                 Plaintiffs,

- v -

SNL DEVELOPMENT GROUP LLC, SNL CAPITAL
PARTNERS, LLC, SNL CONSTRUCTION, LLC, SNL
FUND LLC, and MARC SHARINN,

                                 Defendants.

**DECISION + ORDER ON
MOTION**

-----------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 009) 107, 108, 109, 110, 111, 112, 113, 115, 116, 117, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132

were read on this motion to/for           PREL INJUNCTION/TEMP REST ORDR       .

     In motion 009, plaintiffs move pursuant to CPLR 6301 to enjoin defendant Marc Sharinn (1) "from selling, transferring, or encumbering any vehicle of which Sharinn is the direct or beneficial owner that he purchased (or caused to be purchased) with funds taken from Defendant SNL Construction LLC … directly, or after a transfer shortly thereafter to Defendant SNL Fund LLC"; and (2) "from selling, otherwise alienating, or encumbering the garage he caused to be constructed with funds taken from SNL Construction directly, or after a transfer in short order to SNL Fund." (NYSCEF Doc. No. [NYSCEF] 107, OSC at 2.)[1] Plaintiffs also move pursuant to CPLR 6201(3) and 6212(a) for an attachment of Sharinn's cars and garage.

---

[1] Plaintiffs are reminded that all documents filed in NYSCEF shall be searchable and copyable. (*See* Rules of Commercial Div of Sup Ct [22 NYCRR 202.70 (g)] rule 6.)

**653695/2023 ERI/SNL 2015 HOLDINGS LLC ET AL vs. SNL DEVELOPMENT GROUP LLC ET AL**       **Page 1 of 6**
**Motion No. 009**

This is an action for damages, disgorgement, and indemnification. (*See* NYSCEF 37, Amended Complaint at 44-45.)[2] Plaintiffs seek to enjoin "Sharinn's surreptitious commingling and diversion of funds [that] would likely go forever unaddressed, thereby permanently dissipating the substantial investments of ERI and others, and the good faith business efforts of the commercial lenders." (NYSCEF 108, Plaintiffs' MOL at 14.) Of the seven causes of action, the claims against Sharinn include: (3) aiding and abetting conversion; (5) fraud (against SNL Development Group, LLC, SNL Capital Partners LLC, SNL Construction, LLC, and Sharinn); and (6) aiding and abetting fraud. (NYSCEF 37, Amended Complaint ¶¶ 158-161, 164-173.)

This court issued a preliminary injunction on November 4, 2023 in support of plaintiffs' takeover of the management of the companies pursuant to the Operating Agreements. (NYSCEF 88, Decision and Order [mot. seq. no. 004] at 2, 4-5.) The court found likelihood of success on the merits on plaintiff's contract claims. (*Id.* at 2.) Specifically, the court ordered defendants to "preserve and refrain from conveying or encumbering all assets belonging to the LLCs (Platforms) and Platform Ventures formed by plaintiffs and defendants." (*Id.* at 5.) Since their takeover, plaintiffs have allegedly discovered that "Sharinn [was] using funds that belonged to the Platforms, their Ventures, or their lenders that had been deposited with the General Contractor, SNL Construction LLC … for the exclusive purpose of building the self-storage facilities being developed under the ERI/SNL joint venture…. Sharinn either directly removed the funds from that entity or transferred them from SNL Construction to SNL Fund LLC

---

[2] Though plaintiffs filed a motion to amend a second time, which is pending before the court, the court uses the first amended complaint.

**653695/2023  ERI/SNL 2015 HOLDINGS LLC ET AL vs. SNL DEVELOPMENT GROUP LLC ET AL          Page 2 of 6**
**Motion No.  009**

INDEX NO. 653695/2023

RECEIVED NYSCEF: 02/26/2024

…, an entity exclusively controlled by Sharinn, and then withdrew them for his personal expenditures on collectible automobiles and the high-end garage to house them." (NYSCEF 108, Plaintiffs' MOL at 2.) Plaintiffs assert that "[t]he millions of dollars that Sharinn diverted to himself and/or for his benefit were not due to him for salary, as his salary continued to be paid during the time this conduct was occurring; nor was he entitled to them as a distribution from the SNL Companies…. Rather, these purchases constituted unauthorized and unlawful transfers made to personally enrich Sharinn." (*Id.* at 11.) Now, plaintiffs improperly seek to expand their preliminary injunction, which is limited to the assets at issue in this case, to Sharinn's collection of cars and the garage he built for them.

Plaintiffs must satisfy all of the elements for a preliminary injunction; they cannot rely on the court's finding of likelihood of success on plaintiffs' contract claim which is not alleged against Sharinn. Plaintiffs assert that they are "highly likely to succeed in their demand for misappropriated assets of the Platforms and Venture Companies" (*id.* at 12), but SNL Construction LLC, the entity from which Sharinn allegedly misappropriated, is not a platform. Plaintiffs do not allege that they deposited funds with SNL Construction LLC. Moreover, there is a sharp factual dispute between Sharinn and his 30% partner in SNL Construction LLC Michael Humphrey. Where there is such an issue of facts, the court cannot issue an injunction. (*See Sur La Table Ltd. v Rosenthal AG*, 173 AD2d 325, 325 [1st Dept 1991].) The court declines plaintiffs' invitation to hold a hearing on these issues of fact as discovery is necessary for such a hearing. Therefore, plaintiffs have not established a likelihood of success on a claim against Sharinn.

**653695/2023   ERI/SNL 2015 HOLDINGS LLC ET AL vs. SNL DEVELOPMENT GROUP LLC ET AL**          **Page 3 of 6**
**Motion No.  009**

3 of 6

The assets at issue on a preliminary injunction must be the "subject of the action." (CPLR 6301.) This standard is no different for LLCs; the court rejects plaintiffs' misconception of *Reichman v Reichman*, 88 AD3d 680 (2d Dept 2011),[3] which is about preserving the corporate assets, books and records and computers (*id*. at 680-81); it did not enjoin defendant's alleged personal assets. Likewise, since plaintiffs do not have a security interest, plaintiffs' reliance on *County of Suffolk v Love'M Sheltering, Inc.*, 27 Misc 3d 1127 (Sup Ct, Suffolk County 2010) is misplaced. (See *id*. at 1133 [denying injunction of defendant's lottery winnings because plaintiffs failed to demand permanent injunctive relief and "it is apparent to this court that the portion of the Morrisons' lottery winnings which the plaintiff seeks to restrain during the pendency of this action do not constitute the 'subject of the action' within the meaning of CPLR 6301"].) Plaintiffs' investment is not held in trust and the proceeds are not identifiable. (*Cf. Amity Loans, Inc. v Sterling Nat. Bank & Tr. Co. of New York*, 177 AD2d 277, 279 [1st Dept 1991] ["injunctive relief is appropriate to remedy alleged conversion of identifiable" accounts receivable funds held in trust].)

Plaintiffs insist that they seek an injunction simply to maintain the status quo. However, because plaintiffs are in control of the company, there is no risk of Sharinn continuing to dissipate assets, if in fact he did so. Rather, with this motion plaintiffs impermissibly seek an injunction to preserve assets before plaintiffs have obtained a judgment. (*See Credit Agricole Indosuez v Rossiyskiy Kredit Bank*, 94 NY2d 541, 545 [2000] [denying injunction because "[p]laintiffs are unsecured contract creditors, whose ultimate objective is attaining an enforceable money judgment"].) Accordingly, plaintiffs'

---

[3] Plaintiffs are reminded to use official citations.

**653695/2023   ERI/SNL 2015 HOLDINGS LLC ET AL vs. SNL DEVELOPMENT GROUP LLC ET AL**          **Page 4 of 6**
**Motion No.  009**

[* 4]

4 of 6

reliance on *Dong v Miller*, 2018 WL 1445573, *1, 2018 US Dist LEXIS 48506, *3 [ED NY Mar. 23, 2018, No. 16-CV-5836 (NGG) (JO)] is misplaced since the court denied plaintiff's request to freeze defendants' assets finding the requested injunction overbroad and

> "because Plaintiff only seeks money damages in connection with his fraudulent-conveyance claims – not, for example, to void the allegedly fraudulent conveyances – those claims are properly classed as legal, not equitable, and the court may not issue a preliminary injunction to preserve assets to satisfy a judgment in Plaintiff's favor on those claims. The court may, however, issue such an injunction with respect to assets that have a sufficient nexus to Plaintiff's equitable claims."

Likewise, here plaintiffs seek money damages and thus the court cannot find irreparable harm.

Plaintiffs' request for an attachment of Sharinn's cars, garage, or $875,000, the cost to build the garage, is also denied. CPLR 6201 provides the grounds for an attachment:

> "An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when… 3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts." (CPLR 6201 [3].)

As discussed above, plaintiffs have failed to establish likelihood of success on a claim against Sharinn. The court rejects plaintiffs' argument that Sharinn's years-long use of LLCs, making it difficult to see that Sharinn is involved in the LLC, is the kind of behavior on which the court can find an effort to frustrate a judgment.

[* 5]

Accordingly, it is

ORDERED that plaintiffs' motion is denied.

2/26/2024
DATE

202402262080857AMASLEY12916C86019D46C1B18ECBB46EA1E8DD

ANDREA MASLEY, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |